UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TIFFANY ESTRADA,
o/b/o, E.E., *pro se*,

               Plaintiff,

    -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

08-CV-3427

**DORA L. IRIZARRY, U. S. District Judge:**

Plaintiff Tiffany Estrada brought this action *pro se*, seeking judicial review of the Social Security Administration's denial of supplemental security income ("SSI") benefits for her thirteen-year-old daughter, E.E.[1] The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking affirmation of the denial of benefits. Plaintiff opposes the Commissioner's motion and requests that the case be remanded for further proceedings. Plaintiff also filed a request for the appointment of counsel. For the reasons set forth below, the Commissioner's motion is denied, and this case is remanded for further proceedings consistent with this Order. Plaintiff's motion for the appointment of counsel is denied as moot.

## BACKGROUND

On July 19, 2006, plaintiff filed an application for SSI benefits on behalf of her minor daughter, E.E., claiming that E.E. was disabled due to speech and language delays, asthma, and a learning disability. (A.R. 51, 56.) The Social Security Administration denied plaintiff's application initially on November 21, 2006, and she subsequently requested a hearing before an

---

[1] E.E. was born on June 28, 1997, and was nine years old at the time plaintiff filed the application for benefits. (Administrative Record ("A.R.") 51.)

administrative law judge ("ALJ"). (A.R. 40-47.) After holding a hearing on July 10, 2007, at which plaintiff and E.E. appeared *pro se*, ALJ Miriam L. Shire issued an opinion on December 21, 2007, concluding that E.E. was not disabled within the meaning of the Social Security Act ("SSA"). (A.R. 14-24.) In making that determination, the ALJ first found that E.E. had not engaged in substantial gainful employment. (A.R. 17.) Second, the ALJ found that E.E. suffered from the severe impairments of depression, insomnia, asthma, a learning disability, and speech and language delays, and outlined the evidence supporting those conclusions, focusing on the reports of state agency consultative examining physicians. (*Id.*) Third, the ALJ concluded that E.E. did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments. (A.R. 18.) The ALJ then concluded that E.E. did not have an impairment or combination of impairments that functionally equaled the listings. (*Id.*) On July 25, 2008, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review. (A.R. 3-5.) On August 18, 2008, plaintiff filed the instant action on E.E.'s behalf. On January 16, 2009, the Commissioner moved for judgment on the pleadings.

## DISCUSSION

**A.     Standard of Review**

A district court reviewing the final determination of the Commissioner must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998). The court must ask whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the Act." *Echevarria v. Sec'y of Health & Human Servs.,* 685 F.2d

751, 755 (2d Cir. 1982) (internal quotation marks omitted). The court must also ask whether the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). As a *pro se* litigant, plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the court will construe plaintiff's pleadings and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (original emphasis, internal quotation marks and citation omitted).

**B.   Governing SSA Regulations for Defining Childhood Disability**

To qualify for SSI benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i); *see Pollard v. Halter,* 377 F.3d 183, 189 (2d Cir. 2004). The SSA has provided a three-step sequential analysis to determine whether a child is eligible for SSI benefits on the basis of disability. 20 C.F.R. § 416.924(a); *see also Pollard*, 377 F.3d at 189. First, the ALJ must consider whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). If so, the child's claim will be denied. *Id.* "Second, the ALJ considers whether the child has a 'medically determinable impairment that is severe,' which is defined as an impairment that causes 'more than minimal functional limitations.'" *Pollard*, 377 F.3d at 189 (quoting 20 C.F.R. § 416.924(c)). Third, if the impairment is severe, the ALJ must determine whether the impairment meets or is medically or functionally equal to a disability in the listings. *Johnson v. Astrue*, 563 F.

Supp. 2d 444, 454 (S.D.N.Y. 2008) (quoting 20 C.F.R. § 416.924(c), (d)).

In order to demonstrate functional equivalence to a listing impairment, the child must exhibit "marked" limitations in two of six domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). These six domains consider a child's: (1) ability to acquire and use information; (2) ability to attend and complete tasks; (3) ability to interact and relate with others; (4) ability to move about and manipulate objects; (5) ability to care for oneself; and (6) health and physical well-being. 20 C.F.R. §§ 416.926a(a)-(b). A "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Johnson*, 563 F. Supp. 2d at 454 (quoting 20 C.F.R. § 416.926a(e)(2)(i)). In addition, a limitation is "marked" when standardized testing shows functioning two standard deviations below mean levels. *Id.*; *see also Pacheco v. Barnhart,* 2004 WL 1345030, at * 4 (E.D.N.Y. June 14, 2004). An "extreme" limitation exists when the impairment "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). Such a limitation would be found in a domain where the child scores at least three standard deviations below average. *Id.*

**C.     Analysis**

The Commissioner moves for judgment on the pleadings, seeking affirmation of the denial of benefits on grounds that the ALJ applied the correct legal standards to determine that E.E. was not disabled, and that the ALJ's factual findings are supported by substantial evidence. Plaintiff opposes the motion and urges the court to remand the case, arguing that the ALJ failed to apply the medical facts in the record to the appropriate listing criteria.

This court finds the ALJ's decision insufficient in several respects. First, the ALJ provided insufficient rationale for her conclusion that E.E.'s impairments did not meet or medically equal listing impairments. Second, the ALJ provided insufficient rationale to enable this court to conclude that her findings regarding the incredibility of statements related to the severity and duration of E.E.'s symptoms was supported by substantial evidence. Finally, the ALJ also failed to provide a sufficient rationale for her findings that E.E.'s impairments did not functionally equal the listings.

1. **The ALJ Failed to Provide Sufficient Rationale to Support a Finding That E.E.'s Impairments Did Not Meet or Medically Equal Listing Impairments**

Plaintiff alleges that E.E. suffers from several impairments which satisfy the listing criteria, including asthma, anxiety disorders, personality disorders, and "related disorders."[2] (Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings, ("Opp'n").) In her decision, the ALJ concluded that E.E. had the severe impairments of depression, insomnia, asthma, a learning disability and speech delay. (A.R. 17.) The ALJ followed this finding with the conclusory statement that the "claimant does not have an impairment or combination of impairments that meets or medically equals the listed impairments." (A.R. 18.) However, the ALJ failed to provide any rationale for this conclusion, and made no attempt to amalgamate medical facts which supported her decision.

---

[2] Plaintiff's letter in opposition to the government's motion references the following Listings: "1.00Q Obesity," "Asthma…3.03B," "Anxiety disorders 12.04A1b,f and g; Personality Disorder 12.08A4 and 5; Related Disorders 12.06 A1c, B2 and 3." However, as these Listings apply to adult impairments, this court will evaluate plaintiff's allegations by referencing the parallel Listing impairments for children, which are: 103.03, Asthma; 112.04, Mood Disorders; 112.06, Anxiety Disorders; 112.08, Personality Disorders. While Obesity is not a *per se* disabling impairment, the Listings do instruct an evaluator to consider any additional and cumulative effects of obesity when determining whether a complainant has a listing-level impairment.

An ALJ "must discuss the relevant evidence and factors crucial to the overall determination with sufficient specificity to enable reviewing courts to decide whether its determination is supported by substantial evidence." *Ramos v. Barnhart*, 2003 WL 21032012, at * 7 (S.D.N.Y. May 6, 2003); *see also Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "In circumstances . . . where the ALJ has stated no findings or conclusions with respect to a claim of disabling impairment, especially one to which the claimant arguably has demonstrated the symptoms described in the [listings, a court] cannot determine whether the ALJ's conclusion was based on a correct application of the law, and whether there is substantial evidence in the record to support it." *Aponte v. Secretary Dept. of Health and Human Services,* 728 F.2d 588, 592-93 (2d Cir. 1984); *see also Pratts v. Chater,* 94 F.3d 34, 39 (2d Cir. 1996) ("Remand is particularly appropriate where, as here, we are unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision.") (internal quotations omitted); *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982) (noting that, in instances where the court is "unable to fathom the ALJ's rationale," "we would not hesitate to remand the case for further findings or a clearer explanation for the decision").

Here, evidence in the record appears to demonstrate that E.E.'s "severe impairment" of depression satisfied, or approached satisfying, the criteria for the Mood Disorders listing. Listing 112.04, "Mood Disorders," requires that a complainant demonstrate:

- A. Medically documented persistence, either continuous or intermittent, of one of the following:
- 1. Major depressive syndrome, characterized by at least five of the following, which must include either depressed or irritable mood or markedly diminished interest or pleasure:
  - a. Depressed or irritable mood; or
  - b. Markedly diminished interest or pleasure in almost all activities; or

c. Appetite or weight increase or decrease, or failure to make expected weight gains; or
   d. Sleep disturbance; or
   e. Psychomotor agitation or retardation; or
   f. Fatigue or loss of energy; or
   g. Feelings of worthlessness or guilt; or
   h. Difficulty thinking or concentrating; or
   i. Suicidal thoughts or acts; or
   j. Hallucinations, delusions, or paranoid thinking
   . . . And . . .
B. [F]or children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

20 C.F.R. pt. 404, subpt. P, app. 1 § 112.04.

Paragraph B2 of listing 112.02 provides:

B. Select the appropriate age group to evaluate the severity of the impairment: . . .
2. For children (age 3 to attainment of age 18), resulting in at least two of the following:

   a. Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
   b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
   c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or
   d. Marked difficulties in maintaining concentration, persistence, or pace.

20 C.F.R. pt. 404, subpt. P, app. 1 § 112.02(B)(2).

E.E. underwent numerous psychological evaluations, and there is extensive documentation of her psychological condition in the record. The record contains documentation from Woodhull

Hospital's Psychiatric Continuation Record ("Woodhull Psychiatric") spanning from February 21 through September 17, 2007. (A.R. 223-45.) E.E.'s grandmother reported to doctors that E.E. performed poorly in school, exhibited defiant behavior, frequent temper tantrums, and difficulty sleeping. (A.R. 223, 226, 231, 234, 235.) On April 04, 2007, Dr. David Trachtenberg diagnosed E.E. with a mood disorder and adjustment disorder. (A.R. 229.) On April 10, 2007, psychiatrist Dr. Milacros Feliciano diagnosed E.E. with a depressive disorder, and adjustment disorder with depressed and anxious mood. (A.R. 232.) On May 08, 2007, Dr. Farhan Matin diagnosed E.E. with an adjustment disorder with depressed mood. (A.R. 234.) On July 06, 2007, Dr. Matin diagnosed E.E. with depression and possible ADHD. (A.R. 239.) In addition to multiple diagnoses of depressive disorders, notes from E.E.'s visits to Woodhull Psychiatric indicate that she exhibited a depressed mood, and repeatedly reported feeling sadness. (A.R. 226, 232, 234, 235, 236, 238, 244.) Her grandmother and mother repeatedly reported that E.E. exhibited irritability and defiant behavior. (A.R. 223, 226, 231, 235, 239.) E.E. also suffered from obesity, and was unable to lose weight, which doctors attributed to her depression. (A.R. 235.) E.E. continuously reported difficulty sleeping, despite being prescribed various sleeping medications in increasing dosages. (A.R. 229, 231, 233-43.) Furthermore, E.E. suffered from fatigue, as well as difficulty concentrating, (A.R. 239, 240, 241, 242, 244), for which Dr. Matin prescribed Focalin XR. (A.R. 242, 244.) The ALJ also noted that plaintiff had informed consultative psychiatrist Dr. Kenneth Cochrane that E.E. was under treatment for depression and attention deficit disorder, she had difficulty falling asleep, lost her temper easily, had difficulty sustaining attention, had frequent depressed and sad moods, and was extremely irritable at times. (A.R. 17.) Thus, E.E. arguably satisfies the criteria of Part A for listing 112.04, as she exhibits medically

documented persistence of a major depressive syndrome, characterized by a depressed or irritable mood, appetite or weight increase, sleep disturbance, fatigue or loss of energy, and difficulty thinking or concentrating.

Despite indicia that E.E. met Part A of listing 112.04, the ALJ did not evaluate E.E.'s symptoms of depression, and provided no rationale for her conclusion that E.E. did not suffer from an impairment which met or medically equaled one of the listed impairments. Without knowing the rationale behind the ALJ's conclusion that E.E. did not meet or equal the listing criteria, this court is unable to conclude that the ALJ's decision was supported by substantial evidence. For this reason, this case is remanded to the Commissioner for findings of fact and conclusions of law as to E.E.'s claim of psychiatric impairment. *See Aponte*, 728 F.2d at 592-93 (case remanded where evidence suggested that claimant could satisfy "at least Part A" of one of the listings, but the ALJ failed to provide rationale for why claimant did not satisfy the listing); *see also Wong v. Astrue*, 2010 WL 1268059, at *10 (E.D.N.Y. Mar. 31, 2010) (case remanded where ALJ provided an insufficient "conclusory conclusion" that claimant was not disabled, but the evidence supported a conclusion that claimant met the pertinent listing criteria); *Cifuentes v. Astrue*, 2008 WL 4998426, at *5 (S.D.N.Y. Nov. 21, 2008) (case remanded where claimant's symptoms appeared to match listing criteria and ALJ failed to explain why claimant's impairments did not meet or equal the relevant listings); *Velazquez v. Barnhart*, 2004 WL 367614, at *7 (D. Conn. Feb. 19, 2004) (ALJ's failure to provide detail to support his conclusions rendered court unable to determine whether ALJ's decision that claimant's condition did not meet any listing was supported by substantial evidence).

## 2. The ALJ Failed to Provide Sufficient Rationale to Support a Finding that Statements Pertaining to the Effects of E.E.'s Impairments Were Not Credible

An "ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009). First, an ALJ must determine whether a claimant has medically determinable impairments which could reasonably be expected to produce the symptoms alleged. *Id.* at 271 (citing 20 C.F.R. § 404.1529(a)). "Second, if medically determinable impairments are shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity to work." *Id.* The SSA provides various factors that an ALJ should consider when assessing a claimant's credibility at the second step of this analysis. *Id.* (citing 20 C.F.R. §§ 416.929(c)(3)(i)-(vii)). Because it is the function of the ALJ, and not the reviewing court, to pass upon the credibility of witnesses, the ALJ's assessment is entitled to considerable deference. *Mc Vey v. Shalala*, 1994 WL 764194, at *7 (E.D.N.Y. Oct. 19, 1994); *Aponte*, 728 F.2d at 591. "Nevertheless, an ALJ must set forth [the] reasons" behind her credibility determination "with sufficient specificity to enable a reviewing court to decide whether the determination is supported by substantial evidence." *McVey*, 1994 WL 764194, at *7 (internal citations omitted). As Social Security Ruling ("SSR") 96-7p provides:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p (July 2, 1996).

While the ALJ's opinion recited the statutory provisions and regulations pertaining to the credibility assessment, the ALJ failed to apply these factors to reach an explicit conclusion as to whose or which statements concerning the intensity, persistence and limiting effects of E.E.'s impairments she found incredible. The Commissioner argues that the ALJ properly found that plaintiff's allegations concerning the limiting effects of E.E.'s speech and language delays, asthma, and a learning disability were not entirely credible. (Doc. 12-1 at 24-5.) The ALJ follows this conclusion with a summary of some evidence pertaining to E.E.'s speech and language delays, medical limitations, and learning disability. (A.R. 19-20.) However, the ALJ does not specify whose statements or which evidence she found incredible, or why the particular evidentiary summaries she provided undermined the credibility of witnesses or plaintiff's evidence. The ALJ does not specify what, if any, testimony or evidence she did find credible, the weight given to plaintiff's statements, or the reasons for affording it such weight. As a result, the court cannot determine whether the appropriate legal standards were properly applied or whether the ALJ's decision was supported by substantial evidence, and thus remands this case for a determination of plaintiff's and E.E.'s credibility, which must contain specific findings based upon substantial evidence in a manner that enables effective review. *See Villani v. Barnhart*, 2008 WL 2001879, at *11 (E.D.N.Y. May 8, 2008) (case remanded where ALJ concluded plaintiff's testimony was not credible, but failed to state what allegations, if any, he found credible, what weight he gave to plaintiff's allegations, and the reasons for affording them such weight); *see also Hardhardt v. Astrue,* 2008 WL 2244995, at *11 (E.D.N.Y. May 29, 2008) (absent an ALJ's findings of credibility required by SSR 96-7p, remand required); *Schultz v. Astrue*, 2008 WL 728925, at *12 (N.D.N.Y. Mar. 18, 2008) (noting that, where an ALJ fails to provide explicit and

specific findings as to a plaintiff's credibility, remand is required); *Knapp v. Apfel*, 11 F. Supp. 2d 235, 238 (N.D.N.Y. 1998) (case remanded where court could not discern whether ALJ followed proper procedure in evaluating plaintiff's credibility, and thus could not conclude that the ALJ's determination was supported by substantial evidence).

### 3. The ALJ Failed to Provide Sufficient Rationale to Support a Finding That E.E.'s Impairments Did Not Functionally Equal Listing Impairments

Finally, this case must also be remanded due to the ALJ's failure to provide any meaningful rationale in support of her conclusions regarding E.E.'s limitations in the six domains of functioning. After setting forth a brief extract of evidence from the record, the ALJ restated the pertinent regulations applicable to each domain. However, instead of applying the regulations to the facts as presented in the record, the ALJ merely followed with brief conclusion as to each domain, finding that E.E. had a less than marked limitation in the domains of acquiring and using information, attending and completing tasks, and interacting and relating with others, and no limitations in the domains of moving about and manipulating objects, caring for yourself, and health and physical well-being. (A.R. 20-23.) Without providing a meaningful rationale to support these findings, "[t]he [ALJ's] opinion in this case utterly failed to satisfy the mandate of the statute and regulations," as "[c]onclusory findings without explanation and analysis have little or no value." *Colon v. Apfel*, 133 F. Supp. 2d 330, 343 (S.D.N.Y. 2001) (case remanded where ALJ restated the regulations applicable to the domains of functioning, "followed by a brief and conclusory statement that the plaintiff's limitation in that category of functioning was 'less than marked'"); *see also Ferraris*, 728 F.2d at 587 ("[c]rucial factors in any determination must be set forth with sufficient specificity to enable [a reviewing court] to decide whether the determination is supported by substantial evidence"); *Berry*, 675 F.2d at 469 (stating that, in cases where a

reviewing court is "unable to fathom the ALJ's rationale," the case should be remanded "for further findings or a clearer explanation for the decision"). Thus, upon remand, the Commissioner must provide a sufficient rationale in this regard in order to allow effective review.

## **CONCLUSION**

For the reasons set forth above, the Commissioner's motion for judgment on the pleadings is denied, and this case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Memorandum & Order, including: (1) findings of fact and conclusions of law as to E.E.'s claim of psychiatric impairment, *i.e.*, whether E.E. meets, medically equals, or functionally equals the listed impairments; and (2) a determination of plaintiff's and E.E.'s credibility, which must contain specific findings based upon substantial evidence. Any opinions issued must be sufficiently specific to enable effective review. The Commissioner is directed to prevent further delay in the processing of plaintiff's case and to expedite the additional administrative proceedings. If plaintiff's benefits remain denied, the Commissioner is directed to render a final decision within sixty (60) days of plaintiff's appeal, if any. *See Butts v. Barnhart*, 388 F.3d 377, 388 (2d Cir. 2004) (suggesting procedural time limits to ensure speedy disposition of Social Security cases upon remand by district courts). Lastly, plaintiff's motion for the appointment of counsel is denied as moot.

SO ORDERED

DATED:     Brooklyn, New York
           September 29, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge